In the Matter of ADAM A. HAKEEM, Also Known as LARRY DAVIS, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [650 NYS2d 819] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

By misbehavior report dated March 2, 1995, petitioner, an

inmate at Great Meadow Correctional Facility in Washington County, was charged with attempted assault (rule 100.11 [7 NYCRR 270.2 (B) (1) (ii)]) and committing an unhygienic act (rule 118.22 [7 NYCRR 270.2 (B) (19) (iv)]) based upon allegations that, when a correction officer attempted to move clothing that was obstructing the view into petitioner's cell, petitioner spit at him and then tried to grab the pocket on his shirt. At the tier III hearing that was conducted in the matter, the Hearing Officer found petitioner guilty of both charges, a determination upheld on administrative appeal and now challenged in this CPLR article 78 proceeding.

We conclude that there is merit to petitioner's primary contention, that he was denied his right to be present at the administrative hearing, and accordingly annul respondents' determination. At the opening of the hearing, the Hearing Officer introduced an inmate refusal form, which, by its terms and as clarified by the testimony of Correction Officer Richard Rodriguez, conveyed petitioner's position that he was unable to walk and could come to the hearing only by dragging himself, something that Rodriguez would not permit him to do. Rather than transporting petitioner to the hearing by wheelchair, stretcher or other appropriate conveyance or arranging to have medical personnel examine petitioner or otherwise developing a record on the issue of petitioner's physical ability to walk, the Hearing Officer summarily determined that petitioner's conduct was tantamount to a refusal to attend the hearing. In the absence of any evidence that petitioner "knowingly, voluntarily and intelligently relinquish[ed] his right to attend the hearing" (*Matter of Sanders v Coughlin*, 168 AD2d 719, 721, *lv denied* 77 NY2d 806; *see*, 7 NYCRR 254.6 [b]), the administrative record provides no rational basis for the Hearing Officer's summary determination and decision to proceed with the hearing in petitioner's absence. Respondents' subsequent production of an affidavit of First Deputy Superintendent John Maloy is unavailing; because the instrument is outside the administrative record, it may not be considered (*see, e.g., Matter of Raqiyb v Coughlin*, 214 AD2d 788, *lv denied* 86 NY2d 702).

In view of this violation of a fundamental due process right, expungement is required (*see, Matter of Weiss v Coughlin*, 199 AD2d 638, 639). Under the circumstances, we need not consider petitioner's remaining assertions of error.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to the proceeding from petitioner's file and restore any good-behavior allowance lost.