In the Matter of ARTHUR WARD, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [671 NYS2d 577] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On July 16, 1996, petitioner, while an inmate at Clinton Correctional Facility in Clinton County, was served with four misbehavior reports charging him with two violations of the prison disciplinary rule prohibiting assault on staff and two instances of refusing direct orders from correction officers to vacate his cell. The misbehavior reports were authored by four of the correction officers who physically removed petitioner from his cell after he hit two of them with a cane. Petitioner refused to attend the subsequent tier III hearing* although the Hearing Officer considered a written statement from petitioner and reviewed a videotape of petitioner's removal from his cell. Following the hearing, petitioner was found guilty of all four charges and a penalty of one year in the special housing unit with a corresponding loss of good time was imposed. Upon petitioner's administrative appeal, the penalty was reduced to 180 days. This proceeding ensued.

We confirm. Contrary to petitioner's argument, the determination of guilt is supported by substantial evidence in the record. The clear and detailed misbehavior reports authored by

---

* Petitioner stated that he would not appear because of an alleged physical impairment; however, a facility nurse testified that there was no medical documentation to support petitioner's claim of incapacity.

eyewitnesses to the events were sufficient by themselves to substantiate the alleged misconduct (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Moreover, the determination was not undermined by the videotape of the incident. While it is true that at certain times during the tape the camera's view was blocked by the correction officers present in petitioner's cell, the information contained therein either directly supports the charges in the misbehavior report or fails to contradict them. Thus, petitioner's denial of the allegations merely raised a credibility issue that the Hearing Officer was free to resolve against petitioner (*see, Matter of Johnson v Selsky*, 246 AD2d 713).

Finally, we conclude that petitioner's disciplinary hearing was properly held in his absence. Unlike the situation in *Matter of Hakeem v Coombe* (233 AD2d 805), here, the Hearing Officer inquired further into petitioner's alleged incapacity and reasonably determined that there was no documented medical reason to prevent petitioner from appearing at the hearing.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.