■ In the Matter of WILLIAM ADDISON, Petitioner, v DONALD SELSKY, as Director of the Special Housing Unit for the Department of Correctional Services, et al., Respondents. [682 NYS2d 256] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washing-

ton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On October 8, 1997, petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was served with a misbehavior report charging him with violating the prison disciplinary rules prohibiting violent conduct and rioting. In the misbehavior report, Correction Officer M. Hoy stated that he observed petitioner become involved in a fight that escalated into a disturbance involving approximately 20 inmates which only ended after a warning shot was fired. According to Hoy, petitioner, *inter alia*, used hand gestures to encourage other inmates to join in the fight and he also saw petitioner hand a shiny object from under his arm to another inmate who then joined the fray. Petitioner was found guilty of the charged violations and a penalty of 180 days in the special housing unit, loss of privileges and the loss of six months' good time was imposed. Petitioner's administrative appeal was denied and this proceeding ensued.

We confirm. Contrary to petitioner's argument, the determination of guilt is supported by substantial evidence in the record. The clear and detailed misbehavior report authored by Hoy was not only sufficient to afford petitioner with the requisite notice of the charges against him (*see, Matter of Alvarado v Goord*, 252 AD2d 650), but was also adequate to substantiate the alleged misconduct (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Additionally, Hoy testified as to his observations at the hearing. Although petitioner claims that the Hearing Officer erred in failing to exonerate him based upon a videotape showing part of the altercation from a fixed viewpoint, the information contained therein fails to contradict the misbehavior report (*see, Matter of Ward v Goord*, 249 AD2d 711, 712). Petitioner's remaining contentions, including his challenge to the penalty imposed and his claim of Hearing Officer bias, have been reviewed and found to be lacking in merit.

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.