■ In the Matter of RUDOLPH ROSSI, Petitioner, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, Respondent. [716 NYS2d 116] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review three determinations of the Commissioner of Correctional Services and one determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a period of approximately one month, petitioner, who was confined in the special housing unit, was served with five misbehavior reports alleging various prison disciplinary rule violations. Petitioner commenced this CPLR article 78 proceeding to review four determinations which found him guilty— after four separate hearings—of many of the charges including refusing direct orders, harassment and assault on staff.

Petitioner challenges the evidentiary basis of only one of the determinations. We conclude, however, that the detailed misbehavior report and testimony regarding the incident from the correction officer who authored the report provide the necessary substantial evidence to support the determination (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139; *Matter of Shaird v Selsky*, 268 AD2d 721). What petitioner characterizes as contradictions or inconsistencies in the evidence against him presented questions of credibility for the Hearing Officer to resolve, as did the testimony of the inmate witnesses (*see, Matter of Watson v Morse*, 260 AD2d 772; *Matter of Flynn v Coombe*, 239 AD2d 725, 726), as did petitioner's claim of retaliation which was denied by the author of the misbehavior report (*see,*

*Matter of Daum v Goord*, 270 AD2d 745). Petitioner further claims Hearing Officer bias in several of the hearings, but the record does not support these claims and there is no evidence that the determinations flowed from the alleged bias rather than from the evidence of petitioner's guilt (*see*, *Matter of Vicioso v Goord*, 266 AD2d 655).

Petitioner's claims of procedural violations are also lacking in merit. His interpretation of the 24-hour rule—as prohibiting a hearing from being conducted until at least 24 hours after his assistance was concluded (*see*, 7 NYCRR 254.6 [a])—"has been repeatedly rejected by this Court" (*Matter of Arce v Selsky*, 268 AD2d 724) and we decline petitioner's invitation to reconsider the issue. Petitioner is also incorrect in claiming that, in one of the hearings, he was denied the right to call an inmate witness. The Hearing Officer took reasonable steps to ascertain that the inmate's refusal to testify was genuine and was not required to personally interview the inmate (*see*, *Matter of Bowers v Goord*, 264 AD2d 876; *Matter of Di Salvo v Selsky*, 260 AD2d 874, 875). Petitioner's claim that, in one hearing, he was denied the opportunity to present relevant evidence on his claim of retaliation is not supported by the record, which reveals that petitioner was permitted to raise the issue and elicit testimony that there had been prior incidents involving himself and the correction officer who authored the misbehavior report. In addition, the Hearing Officer agreed to accept petitioner's offer of documentary evidence concerning prior confrontations with the officer and, after portions of the document were read into the record, petitioner withdrew his offer of the document itself.

We likewise find unavailing petitioner's argument that he was denied the right to attend one of the hearings when the Hearing Officer refused his request for a wheelchair and conducted the hearing in his absence, rejecting his claim that he was too weak to walk to the hearing. Before concluding that petitioner did not require a wheelchair, the Hearing Officer personally interviewed petitioner and elicited testimony from a correction officer and a facility nurse regarding petitioner's condition which refuted his claim of incapacity (*see*, *Matter of Ward v Goord*, 249 AD2d 711, 712). The remainder of petitioner's procedural arguments have been considered and found to be meritless or unpreserved and do not warrant further discussion.

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.