■ In the Matter of RICKY GRANT, Petitioner, v DONALD SELSKY, as Director of Inmate Special Housing Unit Department of Correctional Services, et al., Respondents. [721 NYS2d 423] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an altercation that occurred when petitioner was directed to submit to a pat frisk, petitioner was served with a misbehavior report alleging several infractions, including assault on staff for biting the finger of a correction officer. At the conclusion of a tier III hearing, petitioner was found guilty of the charges. After unsuccessfully pursing an administrative appeal, petitioner commenced this CPLR article 78 proceeding to review the determination, contending that he was effectively deprived of the opportunity to present his defense and, therefore, was denied regulatory and constitutional rights.

Claiming that the correction officer injured his finger when he forcefully stuck his hand in petitioner's mouth, petitioner requested the testimony of the facility dental assistant, who testified that a cut finger could occur either as the result of a

bite or in the manner described by petitioner. Petitioner also requested the testimony of the facility nurse, who refused on the ground of confidentiality, to describe the treatment accorded to the officer's finger. Petitioner then requested that the officer appear in person to permit the Hearing Officer to observe the wound. Petitioner also requested any photographs of the wound. Noting that he would be unable to determine from viewing the wound how it had occurred, the Hearing Officer denied petitioner's requests.

We perceive no denial of petitioner's rights. Contrary to petitioner's claim, the dental assistant did not testify that an examination of the wound would disclose how it had occurred. Accordingly, the Hearing Officer was justified in concluding that a viewing of the wound, either in person or by photograph, was irrelevant to petitioner's guilt or innocence. Inasmuch as the detailed misbehavior report and testimony of its author provide substantial evidence to support the determination (*see, Matter of Rossi v Portuondo*, 277 AD2d 615) and petitioner's contrary version of the incident created a question of credibility for the Hearing Officer to resolve (*see, Matter of Arias v Goord*, 274 AD2d 807), the determination must be confirmed.

Crew III, J. P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.