■ In the Matter of ELVIN LEBRON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [732 NYS2d 282] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two misbehavior reports. The first charged him with losing State property after a razor that had been issued to him had unaccountably disappeared. The second misbehavior report charged him with possession of un-

authorized organizational materials after a search of his cell disclosed photographs, annotated with references to prison gang activity, which depicted inmates demonstrating hand gestures used for communication between gang members. Petitioner's claims regarding the loss of the razor are unpreserved for our review and, in any event, substantial evidence in the form of the detailed misbehavior reports and testimony given by correction officers with firsthand knowledge of the charged misconduct, *inter alia*, supported both determinations of petitioner's guilt (*see, Matter of Maya v Goord*, 272 AD2d 724, 725, *lv denied* 96 NY2d 704; *Matter of Nieves v Selsky*, 263 AD2d 795, 796).

We reject petitioner's contention that the disciplinary hearings were improperly held in absentia after he refused to attend them, claiming that disabling foot pain rendered him unable to walk. Petitioner's claimed incapacity was belied by the testimony of a facility nurse who was familiar with his medical history and refuted his claimed inability to walk, as well as the testimony of a correction officer who testified to having seen petitioner walk without difficulty (*see, Matter of Rossi v Portuondo*, 277 AD2d 615, 616, *lv denied* 96 NY2d 706; *Matter of Ward v Goord*, 249 AD2d 711 n). In addition, the Hearing Officer personally interviewed petitioner in his cell to make certain that his decision not to attend the hearings was knowing and voluntary and that he was aware of the ramifications of his nonattendance (*see, Matter of Shannon v Goord*, 284 AD2d 680; *Matter of Rossi v Portuondo, supra*, at 616). On this record, we find that petitioner has waived the right to challenge the determinations based on his right to be present at the hearing (*see, Matter of Ward v Goord, supra*, at 712), and his remaining contentions have been examined and found to be either similarly waived, without merit or unpreserved for our review.

Mercure, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.