■ In the Matter of ROBERT W. TUMMINIA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [741 NYS2d 751] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After a tier III hearing, petitioner was found guilty of violating the prison disciplinary rule which prohibited inmates from possessing personal information that identifies present or former correctional facility employees or their family members. Contrary to petitioner's claim that he did not receive a copy of the newly adopted rule prior to the date that he was found in possession of the prohibited information, there is evidence in the record that a copy of the rule had been given to all inmates housed in the block where petitioner's cell was located. There is no requirement that an inmate sign for the copy (*see*, Correction Law § 138 [5]). We also find the rule sufficiently specific and precise to provide notice of the prohibited conduct (*see*, Correction Law § 138 [3]; *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868). Assuming that a violation of the rule can only be established by proof that petitioner had actual knowledge that the person identified by the information found in his possession was a present or former employee of a correctional facility or his or her family member, there is substantial evidence in the record to demonstrate that, at the

very least, petitioner knew that his list of names and addresses included information with regard to the wife of a former correction officer. Accordingly, we conclude that there is substantial evidence to support the determination of petitioner's guilt.

The record also discloses that, despite petitioner's continuing repetition of arguments and demands previously considered and rejected, the Hearing Officer exercised considerable patience in permitting petitioner to present his claims and conducted a fair and impartial hearing. In any event, there is nothing in the record to demonstrate that the determination flowed from the bias alleged by petitioner, rather than from the substantial evidence of petitioner's guilt (*see, Matter of Rossi v Portuondo*, 277 AD2d 615, *lv denied* 96 NY2d 706). There is no merit to petitioner's claim that the Hearing Officer lacked the authority to call witnesses not requested by petitioner (*see, Matter of Lamage v Goord*, 285 AD2d 724, *appeal dismissed* 97 NY2d 639). We have considered petitioner's other arguments and find that they are similarly unavailing.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.