■ In the Matter of MICHAEL SPIRLES, Petitioner, v W.E. WILCOX, as Captain at Southport Correctional Facility, Respondent. [754 NYS2d 602] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Southport Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing a direct order and a movement violation after he refused a correction officer's order to pack his property. Following a disciplinary hearing at which petitioner was not present, petitioner was found guilty of both charges. Petitioner appeals, contending that he did not waive his right to be present at the hearing.* Although petitioner explained on a waiver of attendance form that he was unable to attend the hearing due to back problems which prevented him from walking, the correction officer who was to escort petitioner to the hearing testified that petitioner was able to walk to the cell gate and fill out the form without difficulty. Furthermore, the facility nurse testified that petitioner, who had no history of significant back problems, did not appear to be in distress that morning when he received his medication and there had been no emergency sick call that day regarding back problems. Finally, the waiver form, signed by petitioner, gave him notice that the hearing would proceed in his absence. In light of the foregoing, we find no reason to disturb the Hearing Officer's determination that petitioner waived his right to be present at the hearing (see Matter of Lebron v Goord, 288 AD2d 583, lv denied 97 NY2d 608; Matter of Ward v Goord, 249 AD2d 711, 712).

Mercure, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although the proceeding was properly transferred to this Court since the petition arguably raised an issue of substantial evidence, petitioner has not raised a substantial evidence issue in his brief and we deem the issue abandoned (see Matter of Johnson v Goord, 260 AD2d 816).