■ In the Matter of Larry Davis, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [800 NYS2d 634]—

Carpinello, J. Appeals (1) from a judgment of the Supreme Court (LaBuda, J.), entered May 21, 2004 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent finding petitioner guilty of violating certain prison

disciplinary rules, and (2) from an order of said court, entered June 29, 2004 in Sullivan County, which denied petitioner's motion to reargue and/or renew.

At issue are two separate determinations finding petitioner guilty of violating numerous prison disciplinary rules while an inmate at Sullivan Correctional Facility in Sullivan County. Specifically, a February 25, 2003 misbehavior report charged him with refusing to obey a direct order, making threats and harassing a prison employee. These charges stem from an incident wherein petitioner, while in the special housing unit, refused several direct orders to return his food tray, made a vile comment to a correction officer and also threatened that correction officer and his family. A hearing on these charges was conducted between March 4, 2003 and March 25, 2003. Petitioner did not attend the last day of the hearing, citing medical problems. A Hearing Officer found him guilty as charged.

In the meantime, a March 14, 2003 misbehavior report charged petitioner with violating rules prohibiting possessing altered items, possessing unauthorized medication, losing or damaging state property and noncompliance with a hearing disposition. These charges resulted from a search of petitioner's cell which produced various unauthorized items, including medication, as well as damaged state property. A hearing on these charges was held between March 24, 2003 and April 3, 2003 before a different Hearing Officer. Petitioner did not attend this hearing on March 25, 2003 either. He was again found guilty as charged. Both determinations were affirmed upon administrative review prompting this CPLR article 78 proceeding. We now affirm Supreme Court's judgment dismissing the petition finding petitioner's procedural challenges to both hearings to be without merit.*

We first reject petitioner's claim that the hearings held on March 25, 2003 were improperly conducted in his absence. According to petitioner, he did not attend either hearing on this particular day because he was sick. The Hearing Officer for the first hearing not only went to petitioner's cell to observe his medical condition that day but also requested a facility nurse to examine him. This Hearing Officer personally found petitioner to be alert, oriented and showing no signs of the complained-of medical symptoms. Moreover, both Hearing Officers inquired into petitioner's alleged illness by consulting the facility nurse. This nurse testified that he examined petitioner on the morning

---

* To the extent appealable, the propriety of Supreme Court's subsequent order denying petitioner's motion to reargue and/or renew has been abandoned on appeal.

of the hearings and found him fit. Specifically, despite petitioner's complaints of high blood pressure and high sugar levels, the nurse found his blood pressure to be better than average and his blood sugar to be in a reasonable range. Under these circumstances, we find no reason to disturb the Hearing Officers' findings that petitioner waived his right to attend each hearing (*see e.g. Matter of Spirles v Wilcox*, 302 AD2d 826, 826 [2003], *lv denied* 100 NY2d 503 [2003]; *Matter of Lebron v Goord*, 288 AD2d 583, 584 [2001], *lv denied* 97 NY2d 608 [2002]; *Matter of Rossi v Portuondo*, 277 AD2d 615, 616 [2000], *lv denied* 96 NY2d 706 [2001]; *Matter of Ward v Goord*, 249 AD2d 711, 712 [1998]).

Next, petitioner's claim that he was impermissibly denied the right to call a particular witness at the first hearing is unpreserved since he did not attend on the last day of the hearing (*see Matter of Cowart v Pico*, 213 AD2d 853, 855 [1995], *lv denied* 85 NY2d 812 [1995]). In any event, petitioner failed to demonstrate that this particular witness would have offered relevant testimony (*see* 7 NYCRR 254.5 [a]; *see e.g. Matter of Jackson v Goord*, 18 AD3d 973 [2005]; *Matter of Pulliam v Waite*, 8 AD3d 841 [2004]). We also reject petitioner's contention that testimony at both hearings via speaker phone violated his due process rights (*see e.g. Matter of Ardale v Keane*, 304 AD2d 991, 992 [2003]; *Matter of Faison v Goord*, 268 AD2d 634, 635 [2000]). Finally, our review of the first hearing does not indicate that the Hearing Officer was biased or that the determination of guilt flowed from any such bias (*see e.g. Matter of Johnson v Ricks*, 297 AD2d 889, 890 [2002]; *Matter of Tumminia v Goord*, 294 AD2d 727, 728 [2002], *lv denied* 99 NY2d 502 [2002]).

We have considered petitioner's remaining contentions concerning both hearings and find that none has merit.

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment and order are affirmed, without costs.