In the Matter of ANGEL ALICEA, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [819 NYS2d 202]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 19, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit drug possession and smuggling. Following a tier III disciplinary hearing, he was found guilty of the charges. That determination was apparently administratively reversed and a rehearing was thereafter conducted in petitioner's absence. Petitioner was again found guilty of the charges and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding alleging that he was denied the right to be present at the rehearing.

We agree with petitioner that the Hearing Officer improperly determined that petitioner willfully refused to attend the rehearing and, thus, the rehearing was improperly conducted in his absence. "[A]n inmate has a fundamental right to be present at his or her disciplinary hearing" (*Matter of Rush v Goord*, 2 AD3d 1185, 1186 [2003]), unless he or she waives such right or refuses to attend (*see* 7 NYCRR 254.6 [a] [2]). Here, petitioner expressly stated to the correction officer who was to escort him to the rehearing that, while he neither waived his right nor refused to attend the rehearing, he was unable to attend due to back pain that prevented him from standing or walking. Contrary to the Hearing Officer's determination, petitioner's claim was not sufficiently refuted by the opinion of the facility nurse on duty—who had not evaluated or treated petitioner—that there was no "medical reason" preventing petitioner from leaving his cell. Indeed, that same nurse verified that petitioner had been complaining of back pain for approximately two weeks, had been prescribed medication, and had been last seen that morning by a different nurse, who had treated petitioner in his

cell and who had noted that he continued to complain of back pain and did not get out of bed. In view of the foregoing, there was an insufficient basis for the Hearing Officer to find that petitioner willfully refused to attend the hearing (*see Matter of Hakeem v Coombe*, 233 AD2d 805, 806 [1996]; *compare Matter of Davis v Goord*, 20 AD3d 706 [2005], *lv denied* 5 NY3d 715 [2005] [the petitioner's claim that illness prevented him from attending hearing refuted by Hearing Officer's personal observation of him as alert and oriented, as well as by nurse's personal observation that the petitioner was fit]; *Matter of Spirles v Wilcox*, 302 AD2d 826 [2003], *lv denied* 100 NY2d 503 [2003] [the petitioner's claim that he could not walk belied by testimony of correction officer who observed the petitioner walking in his cell]; *Matter of Lebron v Goord*, 288 AD2d 583 [2001], *lv denied* 97 NY2d 608 [2002] [testimony that the petitioner was seen walking without difficulty refuted claims of disabling foot pain]).

In light of this determination, it is not necessary to address petitioner's remaining contentions.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record and to restore any good behavior allowance lost.