■ In the Matter of JEHAN ABDUR-RAHEEM, Petitioner, v JOHN W. BURGE, as Superintendent of Elmira Correctional Facility, Respondent. [835 NYS2d 457]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which directed that petitioner be placed in administrative segregation.

In December 2005, petitioner, a Muslim, was served with an administrative segregation recommendation based on his being suspected of, among other things, influencing other Muslim inmates to stay in their cells during Ramadan and being the catalyst behind an inmate strike earlier in the year. Following a hearing, it was determined that petitioner's continued presence in the general population would pose a threat to the safety and security of the prison facility. The determination was upheld on administrative appeal. As a result, petitioner commenced this CPLR article 78 proceeding.

Initially, we are unpersuaded by petitioner's contention that his due process rights were violated. Petitioner claims that the segregation recommendation was made in retaliation for grievances he had filed, that the Hearing Officer was biased and that he could not prepare a defense because the recommendation was deficient in its details. The right to raise these issues, however, was forfeited by petitioner when he refused to attend the hearing (*see Matter of Al Jihad v Mann*, 159 AD2d 914, 915 [1990], *lv denied* 76 NY2d 706 [1990]; *see also Matter of Hamilton v Goord*, 32 AD3d 642, 643 [2006], *lv denied* 7 NY3d

715 [2006]). He was given the opportunity to present his views and respond to the segregation recommendation, yet chose to forgo that opportunity (*see Matter of Burr v Goord*, 17 AD3d 751, 752 [2005]).

Furthermore, the segregation recommendation, together with the testimony and evidence at the hearing, provide substantial evidence to support the conclusion that petitioner negatively influenced other Muslim inmates such that his removal from the general population was in the best interest of the facility's safety and security (*see Matter of Obregon v Goord*, 36 AD3d 1034, 1035 [2007]; *Matter of Rosales v Goord*, 265 AD2d 713 [1999], *lv denied* 94 NY2d 758 [2000]).

Petitioner's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.