■ In the Matter of BERNARD COOPER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [842 NYS2d 111]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with violating the prison disciplinary rules that prohibit the possession of narcotics, the possession of excess tobacco products, refusing a direct order, smuggling, refusing a search or frisk and the possession of contraband. Following a tier III disciplinary hearing, which petitioner did not attend, he was found guilty of all charges. The determination was affirmed upon administrative appeal, but the penalty imposed was modified. This CPLR article 78 proceeding ensued.

The detailed misbehavior reports and other documentary evidence, the positive drug test results and the hearing testimony provide substantial evidence of petitioner's guilt (*see Matter of Callender v Selsky*, 41 AD3d 1065, 1066 [2007]; *Matter of Excell v Goord*, 35 AD3d 946, 946 [2006]). The hearing was properly held in petitioner's absence inasmuch as the Hearing Officer's inquiry into petitioner's claimed incapacity revealed no documented medical condition that prevented petitioner from appearing (*see Matter of Rossi v Portuondo*, 277 AD2d 615, 616 [2000], *lv denied* 96 NY2d 706 [2001]; *Matter of Ward v Goord*, 249 AD2d 711, 712 [1998]). In addition, the Hearing Officer personally interviewed petitioner in his cell to inform him of the consequences of his failure to appear, which petitioner acknowledged that he understood (*see Matter of Lebron v Goord*, 288 AD2d 583, 584 [2001], *lv denied* 97 NY2d 608 [2002]; *Matter of Rossi v Portuondo*, 277 AD2d 615, 616 [2000], *lv denied* 96 NY2d 706 [2001]). Having refused to appear at the hearing, petitioner waived his right to challenge any alleged procedural irregularities (*see Matter of Tafari v Selsky*, 31 AD3d 1087, 1088 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Cotton v Coughlin*, 167 AD2d 584 [1990]), including his claim that he did not receive the drug testing forms prior to the hearing (*see* 7 NYCRR 1010.5).

To the extent that they were preserved, petitioner's remaining contentions, including his challenge to the sufficiency of the statement of evidence relied upon, have been examined and determined to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.