■ In the Matter of REGINALD McFADDEN, Petitioner, v KEITH F. DUBRAY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [878 NYS2d 468]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules, including possession of a weapon. Following separate tier III disciplinary hearings, which were conducted in petitioner's absence, petitioner was found guilty of all but one charge and penalties were imposed. Petitioner's respective administrative appeals were unsuccessful, prompting him to commence this CPLR article 78 proceeding to annul the determinations of guilt.*

Petitioner's primary contention on review is that the disciplinary hearings improperly were conducted in absentia after he refused to attend them, claiming that he was bedridden due to a disabling ankle injury. We cannot agree. The record reflects that the Hearing Officer, who conducted both tier III hearings,

---

* As the petition did not raise a question of substantial evidence, the proceeding should not have been transferred to this Court; we nevertheless retain jurisdiction in the interest of judicial economy (*see Matter of Williams v Goord*, 37 AD3d 948 [2007], *lv denied* 8 NY3d 1021 [2007]).

personally interviewed petitioner in the infirmary, attempted to persuade petitioner to attend the hearings, advised that he would conduct the hearings in petitioner's absence if petitioner refused and attempted to ascertain whether petitioner wished to call witnesses or introduce documentary evidence. The Hearing Officer also consulted the facility nurse, who testified that petitioner was able to stand and be weighed and, hence, should be able to utilize the available wheelchair for transport to the nearby hearing room. When petitioner claimed to be dizzy, the Hearing Officer, in addition to questioning the nurse and making his own observations as to petitioner's ability to comprehend and respond to questions, adjourned the hearings to receive confidential testimony as to petitioner's mental health status. Under such circumstances, we discern no basis upon which to disturb the Hearing Officer's finding that petitioner waived his right to attend the respective hearings (*see Matter of Davis v Goord*, 20 AD3d 706, 707-708 [2005], *lv denied* 5 NY3d 715 [2005]; *Matter of Lebron v Goord*, 288 AD2d 583, 584 [2001], *lv denied* 97 NY2d 608 [2002]). Further, having declined to attend the hearings, petitioner waived his right to challenge any alleged procedural irregularities that may have existed (*see Matter of Cooper v Selsky*, 43 AD3d 1254, 1255 [2007], *lv dismissed* 9 NY3d 1026 [2008]; *Matter of Abdur-Raheem v Burge*, 39 AD3d 927 [2007]).

Peters, J.P., Spain, Kane, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.