■ In the Matter of HASAN RAQIYB, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [919 NYS2d 543]—

Petitioner, a prison inmate, was served with a misbehavior

report charging him with refusing a direct order after he was directed to make a hospital trip and refused to go, and later refused to allow his restraints to be removed when the trip was canceled. Subsequently, he was charged in a second misbehavior report with refusing a direct order, harassment, making threats, committing an unhygienic act, disturbing facility order and engaging in lewd conduct. Those charges stem from an incident during which, while confined to the prison hospital, he continually pressed the emergency call button for eight hours despite being given several orders to stop. Additionally, petitioner verbally harassed and threatened the nurse on duty, swung a medical bag, spraying urine throughout the room, and masturbated in plain view of the nurse. After separate tier III disciplinary hearings, petitioner was found guilty on all charges emanating from the two reports. On administrative appeal, both determinations were affirmed, with a reduction in the penalty assessed with regard to the second report. Thereafter, petitioner commenced this CPLR article 78 proceeding to challenge both determinations.*

We confirm. Petitioner's primary contention is that his due process rights were violated when the first disciplinary hearing was completed and the second disciplinary hearing was conducted in his absence after he declined to attend, claiming he did not feel well. However, the record reflects that the Hearing Officer, who conducted both hearings, interviewed the nurses who were on duty at the time of petitioner's refusals. In both cases, the nurses testified that petitioner was refusing all treatment for his maladies and was ambulatory and physically capable of attending the hearings. In addition, an escort officer testified that when he sought to escort petitioner to both the continuation of the first hearing and the second hearing, petitioner left his bed and walked to the door to speak with the officer. Upon petitioner's refusals to attend, the officer informed petitioner that the hearings may be held in his absence and petitioner understood and still refused to attend. Under the circumstances, we find no basis upon which to disturb the Hearing Officer's determination that petitioner waived his right to attend the respective hearings (see Matter of McFadden v Dubray, 61 AD3d 1170, 1170-1171 [2009]; Matter of Davis v Goord, 20 AD3d 706, 707-708 [2005], lv denied 5 NY3d 715 [2005]). Additionally, by virtue of his refusal to attend, we find that

* Although petitioner raised a question of substantial evidence in his petition and, thus, this proceeding was properly transferred to this Court, he has abandoned such argument now by his failure to raise it in his brief (see Matter of Ifill v Fischer, 72 AD3d 1367, 1368 n [2010]).

petitioner has waived any procedural challenges he may have had with regard to the manner in which the hearings were conducted (*see Matter of McFadden v Dubray*, 61 AD3d at 1171; *Matter of Cooper v Selsky*, 43 AD3d 1254, 1255 [2007], *appeal dismissed* 9 NY3d 1026 [2008]). Finally, our review of the record reveals no hearing officer bias but, rather, that the determinations of guilt were based upon the evidence presented at the hearings (*see Matter of Lamphear v Fischer*, 76 AD3d 1166 [2010]; *Matter of Hamilton v Bezio*, 76 AD3d 1125, 1126 [2010]). Petitioner's remaining claims are unpreserved or without merit.

Spain, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.