Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Livingston Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing unauthorized medication and an altered item after a search of his cell disclosed an impermissible amount of medication (three ibuprofen tablets). Following a tier II disciplinary hearing, petitioner was found guilty as charged, and his subsequent administrative appeal proved to be unsuccessful. This CPLR article 78 proceeding ensued.
Initially, respondents concede—and we agree—that the portion of the determination finding petitioner guilty of possessing an altered item cannot be sustained. As to the remaining charge, petitioner contends that the Hearing Officer erred in conducting the latter portion of the disciplinary hearing in his absence. In this regard, the record reflects that when a correction officer went to the special housing unit (hereinafter SHU) to escort petitioner to the hearing, petitioner advised the officer that an injury to the big toe on his left foot prevented him from wearing a shoe on that foot. The correction officer returned to the hearing room alone and relayed this information to the Hearing Officer, stating, “[Petitioner] can’t put his shoe on, which doesn’t meet the criteria for coming out of his cell [in] SHU, so he’s ba *1234 sically refused,” and provided the Hearing Officer with a signed waiver form, upon which petitioner explained his injury and his unsuccessful attempts to obtain treatment.
“[A]n inmate has a fundamental right to be present at his or her disciplinary hearing, unless he or she waives such right or refuses to attend” (Matter of Alicea v Selsky, 31 AD3d 1080, 1080 [2006] [internal quotation marks and citations omitted]; see Matter of Holmes v Drown, 23 AD3d 793, 794 [2005]). Here, instead of “transporting petitioner to the hearing by wheelchair, stretcher or other appropriate conveyance or arranging to have medical personnel examine petitioner or otherwise developing a record on the issue of petitioner’s physical ability to walk” (Matter of Hakeem v Coombe, 233 AD2d 805, 806 [1996])—or even exploring the possibility of allowing petitioner to leave his SHU cell with only one shoe—the Hearing Officer summarily accepted the escort officer’s characterization of petitioner’s conduct as a blatant refusal to attend the hearing (see id. at 806). Under these circumstances, the record does not support the finding that petitioner “willfully refused” (Matter of Alicea v Selsky, 31 AD3d at 1081) or “knowingly, voluntarily or intelligently relinquishled] his right to attend the hearing” (.Matter of Hakeem v Coombe, 233 AD2d at 806 [internal quotation marks and citations omitted]; compare Matter of Raqiyb v Fischer, 82 AD3d 1432, 1433 [2011] [Hearing Officer interviewed medical personnel regarding inmate’s maladies and escort officer testified that inmate was ambulatory]; Matter of McFadden v Dubray, 61 AD3d 1170, 1170-1171 [2009] [Hearing Officer personally interviewed inmate in the infirmary and questioned facility nurse as to inmate’s ability to utilize an available wheelchair]; Matter of Davis v Goord, 20 AD3d 706, 707-708 [2005], lv denied 5 NY3d 715 [2005] [Hearing Officer personally observed and interviewed inmate and consulted with facility nurse]; Matter of Lebron v Goord, 288 AD2d 583, 584 [2001], lv denied 97 NY2d 608 [2002] [inmate’s claimed inability to walk belied by testimony of facility nurse and escort officer])—a conclusion that, under these circumstances, is in no way altered by petitioner’s execution of the waiver form (compare Matter of Watson v Fischer, 98 AD3d 1171, 1172 [2012] [inmate’s complaint of back pain belied by escort officer’s observations and testimony of facility nurse]; Matter of Spirles v Wilcox, 302 AD2d 826, 826 [2003], lv denied 100 NY2d 503 [2003] [same]). “In view of this violation of a fundamental due process right, expungement is required” (.Matter of Hakeem v Coombe, 233 AD2d at 806 [citation omitted]; see Matter of Alicea v Selsky, 31 AD3d at 1081) and, therefore, we need not address petitioner’s remaining arguments.
*1235 Rose, J.E, Lahtinen, Garry and Egan Jr., JJ, concur.
Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this matter from petitioner’s institutional record.