Matter of Nova v Miller (2018 NY Slip Op 07510)





Matter of Nova v Miller


2018 NY Slip Op 07510


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of JULIO NOVA, Petitioner,
v
CHRISTOPHER MILLER, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.

Calendar Date: September 18, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Julio Nova, Malone, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County), to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
After he threatened to torture his female escort officer, petitioner was charged in a misbehavior report with harassment, making threats, violating a direct order and violating facility movement procedures. At the conclusion of the tier III disciplinary hearing that followed, which was held in petitioner's absence, the Hearing Officer found petitioner guilty of harassment and making threats and not guilty of the remaining charges. Upon administrative review, the penalty imposed by the Hearing Officer was modified, but the determination otherwise was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the administrative determination.
We reject petitioner's claim that he was denied his right to attend the disciplinary hearing. The correction officer assigned to transport petitioner to the hearing testified that, when asked if he wished to attend the hearing, petitioner said that he did not want to attend and indicated that he would sign a refusal form to that effect. According to the correction officer, who advised petitioner that the hearing could be held in his absence, petitioner offered no explanation for his refusal at that time. When petitioner signed the refusal form, however, he indicated that he was unable to walk due to back pain and required a wheelchair in order to attend the hearing. In response, the Hearing Officer elicited testimony from a facility nurse, who related two recent incidents wherein petitioner complained of back pain but subsequently was observed walking without any apparent distress. Although petitioner routinely complained of [*2]back pain and was of the opinion that he needed a wheelchair, the nurse testified that she had seen him ambulate without incident.
Given the Hearing Officer's development of the record relative to petitioner's claimed medical excuse, the nurse's testimony as to petitioner's ability to walk and the fact that petitioner was apprised by both the escort officer and the language contained on the refusal form itself that the hearing could proceed in his absence, we are satisfied that petitioner was not improperly denied the right to be present at the disciplinary hearing (compare Matter of Safford v Annucci, 144 AD3d 1271, 1272 [2016], lv denied 29 NY3d 901 [2017], and Matter of Hernandez v Fischer, 111 AD3d 1042, 1043 [2013], and Matter of Watson v Fischer, 98 AD3d 1171, 1172 [2012], with Matter of Brooks v James, 105 AD3d 1233, 1234 [2013], and Matter of Alicea v Selsky, 31 AD3d 1080, 1080-1081 [2006], and Matter of Hakeem v Coombe, 233 AD2d 805, 806 [1996]). Petitioner's claim that the determination is not supported by substantial evidence is equally unavailing, as the detailed misbehavior report — standing alone — constitutes substantial evidence to support the finding that petitioner was guilty of harassment and making threats (see e.g. Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]; Matter of Ortega v Annucci, 122 AD3d 1051, 1051 [2014]; Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]).
Garry, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.