■ In the Matter of KENNETH JOHNSON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On September 13, 1988 petitioner, an inmate at Elmira Correctional Facility in Chemung County, was involved in an incident in which he allegedly became unruly as a result of being served cold food in the mess hall. A misbehavior report was prepared by Correction Officer Fred Miller, Jr. and endorsed by another correction officer charging petitioner with refusing to obey a direct order, making threats and engaging in conduct involving the threat of violence.

Thereafter, a Superintendent's hearing was held in which there was testimony by petitioner, several inmate witnesses and Correction Sergeant D. Halcott, who was present and the officer in charge during the alleged incident. Petitioner and the inmate witnesses denied that petitioner engaged in any improper or threatening conduct while Halcott described petitioner as being "loud, threatening and belligerent" in the mess hall. At the conclusion of the hearing, petitioner was found not guilty of refusing to obey a direct order and guilty of the other two charges. The disposition was administratively affirmed and petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination.

Petitioner contends that the determination that he engaged in threats and threatening conduct is not supported by substantial evidence because both the misbehavior report and Halcott's testimony were vague and conclusory in nature. We disagree. The misbehavior report contained sufficient details to support the charges. In particular, the report stated that when ordered to leave the mess hall, petitioner responded, "I ain't going no f___ing place you make me leave." This evidence, combined with Halcott's testimony, was certainly " 'such relevant proof as a reasonable mind may accept as adequate to support' " the Hearing Officer's conclusions and, thus, constituted substantial evidence *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.