■ In the Matter of JORY LOWRANCE, Appellant, v THOMAS COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, was charged with violating prison disciplinary rules for his possession of money (see, 7 NYCRR former 270.1 [b] [14] [viii]) and for his refusal to obey a direct order (see, 7 NYCRR former 270.1 [b] [7]). Correction Officer G. McGrain filed a misbehavior report introduced at petitioner's tier II Superintendent's hearing which stated that petitioner was observed handling money during a visitation period with his family and continued to do so despite being ordered by McGrain to stop. McGrain himself testified that he observed petitioner in the visiting room handling either a quarter or a half-dollar and that after he directed him to cease, petitioner refused to stop. Petitioner denied the charges and his wife, testifying by phone, stated that petitioner was handling a medallion, not a coin, and was doing so in attempts to stop his child from crying. Petitioner was found guilty of both charges and given 15 days' loss of all packages. The determination was administratively affirmed and petitioner's pro se CPLR article 78 proceeding, transferred to this court, followed.

The determination is confirmed and the petition dismissed. We reject petitioner's contention that the misbehavior report served on him was vague. The report clearly identified the "particulars of the alleged incident" and included "a brief description of the violated rule[s]" (7 NYCRR 251-3.1). Regardless of the report's failure to identify the money as a quarter or a half-dollar, petitioner was well aware of the charges against him (see, Matter of Vogelsang v Coombe, 105 AD2d 913, 914, affd 66 NY2d 835). We also reject petitioner's argument that his guilt is not supported by substantial evidence in the record. The misbehavior report combined with McGrain's hearing testimony were certainly more than adequate to support the determination (see, People ex rel. Vega v Smith, 66 NY2d 130, 139; Matter of Johnson v Coughlin, 157 AD2d 991). We have examined petitioner's remaining contentions, including his claim of Hearing Officer bias, and find them meritless.

Determination confirmed, and petition dismissed, without

costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.