■ In the Matter of JOSEPH DEXTER, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [685 NYS2d 134] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

By misbehavior report dated May 12, 1997, petitioner, a prison inmate, was charged with, *inter alia*, violating prison disciplinary rules prohibiting the refusal of a direct order and creating a disturbance based upon allegations that he and 38 other inmates refused direct orders to return to their cells. Petitioner initially appeared at the tier III hearing claiming that he was never served with the misbehavior report. The Hearing Officer adjourned the hearing in order to obtain the testimony of the correction officer who allegedly served it.

When the hearing resumed, the Hearing Officer was informed by two correction officers that petitioner refused to attend. Petitioner also declined their requests to sign a waiver form. The hearing continued in petitioner's absence and testimony was taken establishing that he had in fact been served with the misbehavior report. The Hearing Officer found petitioner guilty of all charges, a determination upheld on administrative appeal and now challenged in this CPLR article 78 proceeding.

Contrary to petitioner's argument, the Hearing Officer did not err by failing to make further inquiries after it was sufficiently established that petitioner refused to continue with the hearing (*see*, 7 NYCRR 254.6 [b]; *Matter of Cowart v Pico*, 213 AD2d 853, 855, *lv denied* 85 NY2d 812). Moreover the determination of guilt is supported by substantial evidence. The clear and detailed misbehavior report authored by an eyewitness to the event was sufficient by itself to substantiate the alleged misconduct (*see*, *Matter of Foster v Coughlin*, 76 NY2d 964, 966).

Mikoll, J. P., Mercure, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.