■ In the Matter of RUDOLPH ROSSI, Petitioner, v LEONARD A. PORTUONDO, as Superintendent of Shawangunk Correctional Facility, Respondent. [713 NYS2d 97] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review two determinations of respondent and the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging two separate determinations finding him guilty of violating various prison disciplinary rules. Although Supreme Court found one of the objections in point of law in respondent's answer to be dispositive as to the determination of guilt in the tier II disciplinary proceeding, the court nevertheless noted a substantial evidence issue related to the tier III disciplinary proceeding and transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Initially, we note that the Attorney General has submitted documentation establishing that the tier III disciplinary determination finding petitioner guilty of assault on an inmate was administratively reversed and all references to the disciplinary hearing were expunged from petitioner's institutional record. Inasmuch as petitioner has received all the relief to which he is entitled as to this determination and is no longer aggrieved, we agree with the Attorney General that this portion of the petition is moot.

With respect to the tier II disciplinary determination finding petitioner guilty of violating the rules prohibiting littering and misuse of State property, we preliminarily reject respondent's contention that this matter is not properly before this Court due to petitioner's failure to appeal that aspect of Supreme Court's decision rejecting his challenge to this determination. While it is true that petitioner challenged two separate determinations, he did so in one CPLR article 78 proceeding. Since the court's conclusions as to the tier II determination did "not terminate the [entire] proceeding" (CPLR 7804 [g]), the entire matter was required to be transferred to this Court for disposition (see, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:8, at 659). Thus, petitioner was not required to file a notice of appeal from this judgment and the proceeding challenging the determination of guilt in the tier II proceeding is properly before us.

Turning to the merits, petitioner maintains that the tier II

disciplinary hearing was improperly held in his absence and, therefore, the determination of guilt must be annulled. Upon review of the record, we disagree. The hearing minutes reflect that the Hearing Officer first ascertained that petitioner was medically capable of attending the hearing. Nevertheless, correction officers testified that petitioner repeatedly refused attempts to have him leave his cell and would not sign a waiver form. We find that petitioner was provided with an opportunity to attend the hearing and that his refusal to do so warranted the decision to hold the hearing in absentia (*see, Matter of Watson v Coughlin,* 132 AD2d 831, 832, *affd on mem below* 72 NY2d 965).

Crew III, J. P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination of guilt following tier II disciplinary hearing is confirmed, without costs, and petition dismissed to that extent. Adjudged that the petition challenging determination of guilt following tier III disciplinary hearing is dismissed, as moot, without costs.