■ In the Matter of OMAR PAGAN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [749 NYS2d 290] —Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered January 8, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was the subject of a misbehavior report charging him with violating the prison disciplinary rule that prohibits the unauthorized use of controlled substances after his urine twice tested positive for the presence of cannabinoids. The

ensuing disciplinary hearing was held in petitioner's absence following his refusal to attend.* His subsequent application for CPLR article 78 review was dismissed by Supreme Court.

We are unconvinced by petitioner's contention, on his appeal to this Court, that he was improperly excluded from his disciplinary hearing as evidenced by the lack of a waiver form bearing his signature. It is well settled that an inmate may forfeit the right to be present at his disciplinary hearing by refusing to attend (*see* 7 NYCRR 254.6 [b]) and that such refusal need not be evidenced by a writing in order to be binding (*see Matter of Christianson v Rodriguez*, 176 AD2d 1134).

The Hearing Officer properly found that petitioner's refusal to attend the hearing was voluntary and informed based upon the testimony of the correction officer to whom petitioner had repeatedly communicated his refusal to attend the hearing even after the officer had warned him of the consequences of his nonattendance. Based upon the record before us, we are satisfied that petitioner was provided with an opportunity to attend the hearing and that his refusal to do so warranted the decision to hold the hearing in his absence (*see Matter of Shannon v Goord*, 284 AD2d 680; *Matter of Rossi v Portuondo*, 275 AD2d 823, 824, *lv denied* 96 NY2d 703). Petitioner's remaining contentions have been considered and found to be meritless.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner's refusal to attend the hearing on February 12, 2001 was based upon his misapprehension that it could not take place until at least 24 hours after his final meeting with his employee assistant, which also took place February 12, 2001. In fact, the rule is that a disciplinary hearing may begin 24 hours after an inmate's *initial* meeting with the assistant (*see* 7 NYCRR 254.6 [a]) which, in this case, was February 8, 2001. Hence, the hearing was not held prematurely (*see Matter of Millan v Goord*, 284 AD2d 827). In any event, petitioner was informed that he could raise this issue at the disciplinary hearing; however, he persisted in his refusal to attend.