■ In the Matter of REGINALD PAULJAJOUTE, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [759 NYS2d 700] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing petitioner, a prison inmate, was found guilty of assault (three counts), refusing a direct order (three counts), possession of a weapon and a facility movement violation stemming from an altercation with correction officers. Petitioner now seeks to challenge that determination of guilt, primarily contending that he was denied due process based upon the Hearing Officer's decision to conduct the underlying disciplinary hearing in his absence. We cannot agree.

As a starting point, petitioner did not raise this issue on his administrative appeal and, hence, has failed to preserve such

challenge for our review (*see Matter of Brisman v Senkowski,* 278 AD2d 778, 779 [2000]). In any event, assuming this issue was properly before us, we nonetheless would find petitioner's argument to be lacking in merit. There is no requirement that a hearing officer personally interview an inmate before concluding that such inmate has made a knowing, voluntary and intelligent waiver of his or her right to attend a disciplinary hearing (*see Matter of Pagan v Goord,* 298 AD2d 735, 736 [2002]). Based upon our review of the hearing transcript, which chronicles a correction officer's attempts to persuade petitioner to attend the hearing, we are satisfied that the Hearing Officer conducted a sufficient inquiry prior to determining that petitioner had made a valid waiver of his right to attend and proceeding to conduct the hearing in petitioner's absence. Petitioner's remaining contentions, including his assertion that the Hearing Officer failed to consider whether petitioner's conduct was either excused or mitigated by his alleged mental health issues, have been examined and found to be lacking in merit.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.