■ In the Matter of EDDIE ORTIZ, Petitioner, v GEORGE DUNCAN, as Superintendent of Great Meadow Correctional Facility, Respondent. [759 NYS2d 909] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review two determinations which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges determinations arising out of two prison disciplinary hearings, the first of which found him guilty of refusing to obey direct orders and creating a disturbance. According to the misbehavior report, petitioner repeatedly refused to comply with the correction officer's orders to stop shouting and continued to create a disturbance until after 2:00 A.M. Petitioner had been counseled concerning similar conduct in the past. Substantial evidence of petitioner's guilt was presented at his tier II disciplinary hearing in the form of the detailed misbehavior report, written by the correction officer who issued the orders in question (*see Matter of Filsaime v Sabourin,* 288 AD2d 516, 517 [2001]; *Matter of Dexter v Goord,* 257 AD2d 936 [1999]).

In the second determination, petitioner was found guilty of refusing to obey a direct order and interference with a facility employee. The misbehavior report related that petitioner had been watching an altercation between two other inmates. When correction officers attempted to restore order, petitioner refused to obey their repeated directives to turn his back and grab the bars. Substantial evidence of petitioner's guilt was presented at his tier III disciplinary hearing in the form of the misbehavior report, the testimony of the correction officer who wrote the report after issuing the orders which petitioner had ignored and the testimony of a correction sergeant that petitioner had not only refused to obey his similar orders, but had responded to them with laughter (*see Matter of Duran v Senkowski,* 289 AD2d 906, 907 [2001]; *Matter of Johnson v Selsky,* 271 AD2d

770, 770-771 [2000], *lv dismissed, lv denied* 95 NY2d 918 [2000]). Petitioner's assertions that his procedural rights were violated at his disciplinary hearings and that the results thereof flowed from hearing officer bias have been examined and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.