■ In the Matter of RODNEY RUSH, Respondent, v GLENN S. GOORD, as Commissioner of Correctional Services, Appellant. [770 NYS2d 191]—

Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered May 19, 2003 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was involved in a physical altercation with correction officers, as a result of which he was charged with violating various prison disciplinary rules. At the conclusion of the tier III disciplinary hearing that followed, which petitioner did not attend, the Hearing Officer found petitioner guilty of all charges and imposed a penalty. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination upon the ground that he was denied the right to be present at the disciplinary hearing. Finding that petitioner was not advised of the consequences of his alleged refusal to attend the hearing, Supreme Court granted petitioner's application, annulled respondent's determination and directed that the determination of guilt be expunged from

petitioner's institutional record. This appeal by respondent ensued.

The case law makes clear that an inmate has a fundamental right to be present at his or her disciplinary hearing (*see Matter of Al Jihad v Mann,* 159 AD2d 914, 915 [1990], *lv denied* 76 NY2d 706 [1990]) and, in order for an inmate to make a knowing, voluntary and intelligent waiver of that right, he or she must be informed of that right *and* of the consequences of failing to appear at the hearing (*see Matter of Spirles v Wilcox,* 302 AD2d 826 [2003], *lv denied* 100 NY2d 503 [2003]; *Matter of Pagan v Goord,* 298 AD2d 735, 736 [2002]; *Matter of Lebron v Goord,* 288 AD2d 583, 584 [2001], *lv denied* 97 NY2d 608 [2002]; *Matter of Al Jihad v Mann, supra* at 915; *Matter of Mallard v Dalsheim,* 97 AD2d 545, 546 [1983]). Here, even assuming that a correction officer and the Hearing Officer advised petitioner that his disciplinary hearing was about to commence and that petitioner indeed refused to attend, there is absolutely no indication in the record that petitioner was advised of his right to attend such hearing and of the consequences of his failure to do so. That being the case, we have no quarrel with Supreme Court's finding that there was not a valid waiver of petitioner's right to be present at the hearing and, in light of this due process violation, we agree that expungement of the disciplinary determination was the appropriate remedy.*

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* To the extent that the parties have drawn a distinction between the waiver of petitioner's right to be present at the hearing and the forfeiture of petitioner's right to challenge such hearing being conducted in his absence, we need note only that if petitioner was not advised of his right to be present and the consequences of failing to attend, he could neither "waive" his right to attend the hearing nor "forfeit" his challenge to the underlying determination based upon the fact that it was rendered in his absence.