■ In the Matter of DENZEL ALLEN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [771 NYS2d 736]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review, inter alia, three determinations of respondent Superintendent of Franklin Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Following three tier II disciplinary hearings, petitioner was found guilty of violating certain prison disciplinary rules. He currently seeks review of the determinations of his guilt as well as review of the denial of a grievance that he filed relating to the confiscation of his personal property.

Petitioner was charged in the first misbehavior report with refusing to comply with a correction officer's order that directed him not to leave certain personal items unattended in a facility recreation room. The items were confiscated and petitioner was ultimately found guilty as charged. Following the administrative affirmance of his guilt, petitioner filed a grievance alleging, among other things, that his property had been improperly confiscated and destroyed. The grievance was denied and petitioner failed to appeal to the Central Office Review Committee.

Petitioner's challenge to the determination arising out of the first hearing is barred by the statute of limitations, which requires that a CPLR article 78 proceeding against a body or officer be commenced within four months after the determination "becomes final and binding upon the petitioner" (CPLR 217 [1]). Here, the determination became final and binding upon petitioner the day he received it, on or before April 16, 2002. Nevertheless, his CPLR article 78 proceeding was not commenced until September 9, 2002 (*see Matter of Grant v Senkowski*, 95 NY2d 605, 608-609 [2001]). Petitioner's challenge to the April 15, 2002 determination is, accordingly, time-barred (*see Matter of Huber v Selsky*, 284 AD2d 676 [2001]). In addition, petitioner neglected to request administrative review of the denial of his grievance challenging the confiscation of his property. Due to his failure to exhaust the administrative remedies available to him through the inmate grievance program, the denial of the grievance is not subject to judicial review (*see*

*Matter of Johnson v Ricks*, 278 AD2d 559 [2000], *lv denied* 96 NY2d 710 [2001]; *see also* 7 NYCRR 701.7 [c]).

The second disciplinary hearing concerned an incident wherein petitioner, assigned to work as an assistant in the facility's law library, refused to obey an order to stamp and put away a new shipment of books. He was again charged with failing to obey an order and, following the hearing, was found guilty of the charged misconduct. Petitioner now asserts that he was denied the right to call witnesses. This argument is belied, however, by the written declination of the inmate he had called as a witness. The form adequately explained the inmate's refusal to testify based upon his lack of information regarding the incident (*see Matter of Loper v Goord*, 290 AD2d 682 [2002]). Petitioner's contention that the inmate's refusal to testify was the result of intimidation on the part of the Hearing Officer is not preserved for our review (*see Matter of Pauljajoute v Goord*, 306 AD2d 576 [2003], *lv denied* 1 NY3d 501 [2003]).

Petitioner's challenges to the third determination are similarly without merit. According to the misbehavior report, petitioner refused to comply with a correction officer's orders to properly place a milk carton on his feed-up tray so that the tray could be closed. We conclude that the misbehavior report and the testimony of the officer who endorsed the report provide substantial evidence of petitioner's guilt (*see Matter of Pride v Cunningham*, 308 AD2d 649 [2003], *lv denied* 1 NY3d 505 [2003]). Insofar as petitioner's testimony and that of his inmate witnesses was at variance therewith, issues of credibility were presented for resolution by the Hearing Officer (*see Matter of Pope v Goord*, 307 AD2d 563 [2003]).

The remaining contentions raised by petitioner have been examined and found to be without merit.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.