■ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [836 NYS2d 306]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 6, 2006 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

After being told that he could not have a stapler in his cell, petitioner became argumentative and blocked the hatch door of his cell with his hands and refused numerous orders to remove them. As a result, he was charged in a misbehavior report with interfering with an employee and refusing a direct order. He was found guilty of both charges after a tier III disciplinary hearing, which he did not attend, and this determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding which Supreme Court dismissed, rejecting all of petitioner's procedural and due process challenges.

Because the record fails to establish that petitioner was advised of the consequences of his failure to attend the hearing, we are constrained to grant his petition. The correction officers who attempted to bring petitioner to the hearing testified that he refused to leave his cell for the hearing and would not sign the refusal form. But they did not testify that they advised petitioner of his right to attend the hearing and the consequences associated with failing to appear, namely, the hearing being held in his absence (*see Matter of Rush v Goord*, 2 AD3d 1185 [2003]; *compare Matter of Pauljajoute v Goord*, 306 AD2d 576, 577 [2003], *lv denied* 1 NY3d 501 [2003]; *Matter of Pagan v Goord*, 298 AD2d 735, 736 [2002]). Without evidence that petitioner was so advised, the record does not establish that petitioner knowingly and voluntarily waived his right to attend, and the Hearing Officer should not have held the hearing in petitioner's absence (*see* 7 NYCRR 254.6 [a] [2]; *contra Matter of Tafari v Selsky*, 37 AD3d 887 [2007]; *Matter of Tafari v Selsky*, 31 AD3d 1087, 1088 [2006], *lv denied* 7 NY3d 717 [2006]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to the Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision.