■ In the Matter of TONY MORRIS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [855 NYS2d 307]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a correction counselor's wallet was stolen, petitioner was charged with solicitation, making a false statement, smuggling and stealing property. After a tier III disciplinary hearing, petitioner was found guilty of the charges. As a result of an unrelated incident, petitioner was charged with violating the inmate movement regulations, disturbing the order of the facility, refusing a direct order, possessing an unauthorized item, smuggling and violating the search and frisk procedures. After a second tier III disciplinary hearing, which petitioner did not attend, he was found guilty of the charges. Upon administrative appeal, the charge of making a false statement was dismissed, with no change in the penalty imposed, and, as to the second determination, the penalty imposed was reduced but the determination of guilt was affirmed. This CPLR article 78 proceeding challenging both determinations ensued.

We confirm. The misbehavior report and the hearing testimony of the correction officer who authored it, along with the testimony of a confidential informant considered by the Hearing Officer in camera, provide substantial evidence to support the determination finding petitioner guilty of solicitation, smuggling and stealing property (see Matter of Jackson v McGinnis, 47 AD3d 1100, 1100-1101 [2008]; Matter of Rickson v Leclaire, 46 AD3d 1050, 1050 [2007]). The Hearing Officer properly refused to call witnesses whose testimony would have been either redundant or irrelevant (see Matter of Brown v Selsky, 37 AD3d 891, 891 [2007]; Matter of Rizzuto v Goord, 36 AD3d 1124, 1125 [2007]).

As to the second determination, there is no merit to petitioner's claim that he was denied his right to attend the hearing. The correction officer assigned to escort petitioner to the hearing testified that petitioner refused to attend, despite being advised of the consequences, and, thus, the Hearing Officer properly continued the hearing in petitioner's absence (see Matter of Tafari v Selsky, 31 AD3d 1087, 1088 [2006], lv denied 7 NY3d 717 [2006]; Matter of Pagan v Goord, 298 AD2d 735, 736 [2002]).

Petitioner's remaining contentions—many of which were not preserved—have been reviewed and determined to be without merit.

Mercure, J.P., Spain, Carpinello, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.