■ In the Matter of KEVIN WEEMS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [906 NYS2d 122]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging one tier II prison disciplinary determination and two tier III prison disciplinary determinations. The tier II determination found him guilty of an unauthorized exchange. The first tier III determination, rendered in March 2008, found him guilty of refusing a direct order, making threats, interference and a movement regulation violation. The second tier III determination, rendered in April 2008, found him guilty of refusing a direct order and possession of a weapon.

Initially, the Attorney General has advised this Court that the tier II determination has been administratively reversed and all references thereto expunged from petitioner's institutional record. Petitioner thus has received all the relief to which he is entitled with regard to that determination, and that part of his petition addressing it is dismissed as moot (*see Matter of Hernandez v Smith*, 52 AD2d 1134, 1134 [2008]).

With regard to the March 2008 tier III determination, we initially note that a correction officer who attempted to escort petitioner to the final portion of the disciplinary hearing testified that petitioner refused to leave his cell or sign the corresponding refusal form. While there is no proof that petitioner was advised that the hearing would nevertheless continue in his absence, his willful refusal to return to a proceeding that was nearing completion constituted an unambiguous forfeiture of the right to be present (*see People v Sanchez*, 65 NY2d 436, 443-444 [1985]; *Matter of Dexter v Goord*, 257 AD2d 936 [1999]; *Matter of Cowart v Pico*, 213 AD2d 853, 855 [1995], *lv denied* 85 NY2d 812 [1995]; *compare Matter of Tafari v Selsky*, 40 AD3d 1172, 1173 [2007]; *Matter of Rush v Goord*, 2 AD3d 1185, 1186 [2003]). On the merits, the misbehavior report and hearing testimony indicate that, while a correction officer escorted petitioner to a new cell, petitioner became verbally abusive, ignored orders to keep moving, and eventually stopped and stated in a menacing manner that "you better get a sergeant down here now or I ain't moving." As such, substantial evidence supports the determination of guilt as to each violation (*see Matter of Barham v Goord*, 42 AD3d 607, 608 [2007]; *Matter of Johnson v Coughlin*, 157 AD2d 991, 992 [1990]).

Substantial evidence also supports the April 2008 direct order and weapon violations determination, as the misbehavior report and hearing testimony reveal that petitioner refused orders to hand over an envelope he was holding that was found to contain a makeshift weapon (*see Matter of Nimmons v Fischer*, 68 AD3d 1311 [2009]). Petitioner's remaining claims have been considered and found to be without merit.

Mercure, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Adjudged that the portion of the petition challenging the tier II determination is dismissed, as moot, without costs. Adjudged that the March 2008 and April 2008 tier III determinations are confirmed, without costs, and petition dismissed to that extent.