■ In the Matter of JAMES WATSON, Appellant, v BRIAN S. FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [950 NYS2d 818]—

Appeal from a judgment of the Supreme Court (O'Connor, J.), entered November 15, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

As a result of an altercation with another inmate, petitioner was charged in a misbehavior report with assaulting an inmate, engaging in violent conduct, fighting, creating a disturbance and refusing a direct order. A tier III disciplinary hearing was thereafter conducted. Petitioner did not attend the full hearing, but signed a form acknowledging that the hearing would be concluded in his absence. The Hearing Officer rendered a disposition finding petitioner guilty of all of the charges and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the proceeding. Petitioner now appeals and we affirm.

Petitioner's sole contention on this appeal is that his due process rights were violated because he did not make a knowing, voluntary and intelligent waiver of his right to attend the remainder of the hearing and it was, therefore, improperly completed in his absence. Upon reviewing the record, we find this claim to be without merit. The escort officer testified that petitioner indicated that he did not wish to attend the rest of the hearing and he signed a form formalizing his decision, which explicitly stated that the hearing would be completed in his absence. While petitioner made a notation on the form that he was suffering from back pain, the officer stated that petitioner had been participating in recreation over the past few days, including the day of the hearing, which required him to climb many stairs and that he did not appear unable to walk when the officer went to get him for the hearing. Similarly, the nurse who treated petitioner the morning of the hearing stated that he complained of back spasms, for which he was given Motrin, but should have been able to walk. Under the circumstances presented, we find no basis to disturb the Hearing Officer's determination that petitioner waived his right to be present for the remainder of the hearing after being fully informed that it would be completed in his absence (*see Matter of Raqiyb v Fischer*, 82 AD3d 1432, 1433 [2011]; *Matter of Abbas v Selsky*, 22 AD3d 982, 983 [2005]; *compare Matter of Alicea v Selsky*, 31 AD3d 1080, 1080-1081 [2006]).

Rose, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.