■ In the Matter of FRANKIE HERNANDEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [974 NYS2d 666]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After petitioner's urine twice tested positive for cannabinoid

and cocaine, he was charged in a misbehavior report with drug use. At the conclusion of a tier III disciplinary hearing, the Hearing Officer found petitioner guilty of the charge. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.*

Initially, contrary to petitioner's contentions, our review of the record confirms that petitioner received adequate employee assistance. Although the assistant did not provide petitioner with a copy of each document requested, petitioner was provided with those documents that were relevant and available. Moreover, the Hearing Officer discussed each of petitioner's requests with petitioner to ensure that he had received all of the documents and information to which he was entitled (see Matter of Scott v Fischer, 57 AD3d 1035, 1036 [2008], lv denied 12 NY3d 705 [2009]; Matter of Jimenez v Fischer, 56 AD3d 924, 925 [2008]). Nor are we convinced that petitioner improperly was denied the right to be present at his disciplinary hearing. Upon learning that petitioner claimed to be suffering from back pain and that he refused to attend the remainder of the hearing, the Hearing Officer took testimony from a sergeant who indicated that petitioner went to the shower that day without any apparent difficulty. The Hearing Officer also took testimony from the nurse on duty at the time of the hearing, who stated that, upon review of petitioner's medical records, it appeared that he had ongoing complaints of back pain, had received a sick call that morning and had been able to stand during the sick call. Based upon the record, we will not disturb the Hearing Officer's determination that petitioner willfully refused to attend the hearing (see Matter of Watson v Fischer, 98 AD3d 1171, 1172 [2012]; Matter of Raqiyb v Fischer, 82 AD3d 1432, 1433 [2011]).

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although this proceeding appears to have been improperly transferred to this Court, as the petition raises only procedural issues, we will retain jurisdiction in the interest of judicial economy (see Matter of Dillard v Fischer, 98 AD3d 761, 761 n [2012]; Matter of Brown v Venettozzi, 79 AD3d 1510, 1511 n [2010]).