## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: March 17, 2016        519368
_____

In the Matter of JAVIER GOMEZ,
          Petitioner,

    v                             MEMORANDUM AND JUDGMENT

ROBERT CUNNINGHAM, as
    Superintendent of Woodbourne
    Correctional Facility,
          Respondent.
_____

Calendar Date: February 17, 2016

Before: McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

_____

      Law Offices of Paul F. Dwyer, Loudonville (Colin Dwyer of counsel), for petitioner.

      Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

_____

Rose, J.

      Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

      Petitioner, a prison inmate, was charged in a misbehavior report with creating a disturbance, refusing a direct order, harassment and possessing property in an unauthorized area. Following a tier III disciplinary hearing, petitioner was found not guilty of harassment, but guilty of the remaining charges. The determination was affirmed on administrative appeal and this

CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree, that substantial evidence does not support the charge of refusing a direct order. Accordingly, we annul that part of the determination, but need not remit the matter for a redetermination of the penalty because the penalty has been completed and no loss of good time was imposed (see Matter of Hobson v Prack, 127 AD3d 1370, 1371 [2015]). Inasmuch as petitioner has limited his brief by challenging only the charge of refusing a direct order, he has abandoned any challenge to the finding of guilt with respect to creating a disturbance and possessing property in an unauthorized area (see Matter of Carter v Fischer, 117 AD3d 1262, 1262 [2014]; Matter of Staine v Fischer, 111 AD3d 999, 999 [2013]). Finally, petitioner claims that he was denied the right to call certain witnesses who had never agreed to testify and had executed witness refusal forms. This argument is unpreserved for our review, however, in light of his failure to object or request that the Hearing Officer make further inquiry (see Matter of Geraci v Annucci, 131 AD3d 767, 768 [2015]; Matter of Rafi v Venettozzi, 120 AD3d 1481, 1482 [2014]).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court