*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521694
_____

In the Matter of MICHAEL
    CLARKE,
                        Petitioner,

        v
                                         MEMORANDUM  AND  JUDGMENT
DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                        Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Peters, P.J., McCarthy, Lynch, Clark and Mulvey, JJ.

_____

        Michael Clarke, Cape Vincent, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        After correspondence mailed by petitioner, an inmate, was returned as undeliverable, it was opened to reveal a letter allegedly containing gang symbols and references.  A subsequent search of petitioner's cell revealed a SONY walkman with no inmate DIN number marked on it and another letter allegedly containing gang references.  As a result, petitioner was charged in a misbehavior report with engaging in gang activity,

possession of contraband and engaging in an unauthorized exchange. Petitioner was thereafter charged in a second misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids.

At the tier III disciplinary hearing held to address the first misbehavior report, petitioner pleaded not guilty to the gang activity charge and guilty to the remaining charges. Following the hearing, petitioner was found guilty of all the charges and this determination was affirmed on administrative appeal. Following the tier III disciplinary hearing on the second misbehavior report, petitioner was found guilty as charged and this determination was also affirmed on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging both disciplinary determinations.

With regard to the first determination (dated November 4, 2014), petitioner's guilty plea to possessing contraband and engaging in an unauthorized exchange precludes any challenge to the sufficiency of the evidence supporting the determination of guilt of those charges (see Matter of Simmons v Prack, 132 AD3d 1217, 1217 [2015]; Matter of Kim v Annucci, 128 AD3d 1196, 1197 [2015]). As to the determination of guilt of engaging in gang activity, the Attorney General has informed us that the letters in question written by petitioner cannot be located and, therefore, are not part of the record before us. Without the letters, we are unable to undertake a meaningful review of petitioner's challenge to the sufficiency of the evidence supporting this charge (see generally Matter of Medina v New York State Dept. of Corr. Servs., 104 AD3d 976, 977 [2013], lv denied 21 NY3d 859 [2013]; Matter of Douglas v Goord, 24 AD3d 922, 923 [2005]). Accordingly, that part of the determination finding petitioner guilty of engaging in gang activity must be annulled. Given that conclusion, it is unnecessary to address petitioner's remaining challenges to the first determination of guilt, as they refer to the engaging in gang activity charge. Insofar as petitioner has served the penalty associated with this determination, and no loss of good time was imposed for engaging in gang activity, the matter does not need to be remitted (see Matter of Branch v Annucci, 133 AD3d 942, 943 [2015]).

Regarding the second determination (dated December 8, 2014), petitioner contends that correctional staff did not provide a valid reason for ordering him to provide a urine sample. Urinalysis testing of inmates shall be conducted when, as relevant here, "correctional staff has reason to believe the inmate has used drugs or alcohol" (7 NYCRR 1020.4 [a] [1]; see Matter of Laliveres v Prack, 136 AD3d 1082, 1082 [2016]). The only evidence in the record as to the reason that the urinalysis test was ordered came from a correction officer who testified that it was standard facility protocol to order a urinalysis test on inmates written up for engaging in gang activity. Even assuming, without deciding, that evidence of gang activity such as alleged here could have provided correctional staff with a reason to believe that petitioner had used drugs, inasmuch as we are unable to review the letters that were the basis for the charge that led to the test being conducted, we are precluded from a meaningful review of this issue. Accordingly, the determination finding petitioner guilty of using a controlled substance must be annulled. This decision renders review of petitioner's remaining claims with respect to this determination unnecessary.

Peters, P.J., McCarthy, Lynch, Clark and Mulvey, JJ., concur.


ADJUDGED that the determination dated November 4, 2014 is modified, without costs, by annulling so much thereof as found petitioner guilty of engaging in gang activity; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ADJUDGED that the determination dated December 8, 2014 is annulled, without costs, petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record and restore any loss of good time.

ENTER:

Robert D. Mayberger
Clerk of the Court