## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 12, 2016                    521585
_____

In the Matter of CARLTON BROWN,
                    Petitioner,

          v

DONALD VENETTOZZI, as Acting          MEMORANDUM AND JUDGMENT
    Director of Special Housing
    and Inmate Disciplinary
    Programs, et al.,
                    Respondents.
_____


Calendar Date:  March 29, 2016

Before:  Lahtinen, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

                    _____


        Carlton Brown, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Corrections
and Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Correction officials conducted an investigation into two
checks that appeared to be issued from the checking account of
the Sullivan Correctional Facility and that had been altered and
made payable to the relatives of petitioner and another inmate.
The investigation uncovered further indications that petitioner
was involved in the scheme and that the facility mail system was
used to perpetrate it.  Petitioner was accordingly charged in a
misbehavior report with smuggling, forgery, misusing state

property, possessing unauthorized property and violating facility correspondence procedures.  He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal.  Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

Respondents initially concede that substantial evidence in the record does not support the charge that petitioner possessed unauthorized property.  We therefore annul that part of the determination but, inasmuch as the penalty has been served and no loss of good time was imposed, we need not remit the matter for a redetermination of that penalty (see Matter of Gomez v Cunningham, 137 AD3d 1432, 1433 [2016]).

The detailed misbehavior report, hearing testimony and considerable confidential information reviewed by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt with regard to the remaining charges (see Matter of Best v Larkin, 116 AD3d 1306, 1307 [2014]; Matter of Bethune v Fischer, 108 AD3d 966, 967 [2013], lv denied 22 NY3d 855 [2013]).  Contrary to petitioner's claim, the Hearing Officer undertook an independent assessment of the confidential information to ascertain that it was reliable, extensively questioning the correction lieutenant who conducted the investigation and a confidential source (see Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]; Matter of Hayward v Fischer, 101 AD3d 1308, 1309 [2012]; cf. Matter of Bridge v Annucci, 132 AD3d 1197, 1198 [2015]).  Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Lahtinen, J.P., Lynch, Devine, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing unauthorized property; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court