*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    November 10, 2016                    521260
_____

In the Matter of JERMAINE
    SAFFORD,
                          Petitioner,

            v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                          Respondent.
_____

Calendar Date:    September 20, 2016

Before:    Peters, P.J., McCarthy, Egan Jr., Clark and Aarons, JJ.

                        _____

        Jermaine Safford, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                        _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        An investigation by the Inspector General's office
disclosed that petitioner was involved with other inmates and
visitors in a conspiracy to smuggle drugs into the facility where
he was incarcerated.  Petitioner was charged in a misbehavior
report with conspiracy to smuggle drugs into the facility,
smuggling, violating facility visitation rules and making third-
party telephone calls.  Following a tier III hearing at which
petitioner admitted the third-party call violation, he was found
guilty of the remaining charges and a penalty was imposed.  The

determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.

The misbehavior report and testimony of its author who conducted the investigation, combined with the confidential information and testimony, established petitioner's active role in the drug-smuggling conspiracy and provide substantial evidence to support the determination of guilt (see Matter of Brown v Venettozzi, 139 AD3d 1216, 1217 [2016]).[1] Petitioner's contention that he was denied the right to be present for the end of the hearing after he declined to attend, claiming that he was ill, is meritless, as the record reflects that the Hearing Officer interviewed the nurse on duty who testified that he was capable of attending. Petitioner was repeatedly offered the opportunity to attend and informed that the hearing would proceed in his absence and, thus, his refusal constituted a waiver of his right to be present as well as any procedural challenges to the remainder of the hearing (see Matter of Hernandez v Fischer, 111 AD3d 1042, 1043 [2013]; Matter of Raqiyb v Fischer, 82 AD3d 1432, 1433-1434 [2011]).

Petitioner's contention that he was denied the right to call witnesses is belied by the record, which reflects that the Hearing Officer made extensive and repeated efforts over the course of several days to contact the requested witnesses, including those outside the facility, leaving messages on answering machines and using numerous numbers provided by petitioner (see Matter of Sherman v Annucci, 142 AD3d 1196, 1197 [2016]). We reject his claim that the Hearing Officer was required to interview an inmate who was also charged in this conspiracy, as the inmate refused to testify in writing and provided a specific reason therefor and had not previously indicated a willingness to testify (see Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]). Further, the correction officer who questioned the inmate testified that the inmate

_____

[1] Petitioner's guilty plea to the third-party call charge precludes any challenge to the sufficiency of the evidence of that charge (see Matter of Clarke v Venettozzi, 139 AD3d 1221, 1221 [2016]).

refused to come to petitioner's hearing and recounted his stated reasons, and further inquiry was not necessary as his reasons were not "clearly specious" (Matter of Jackson v Prack, 126 AD3d 1243, 1244 [2015] [internal quotation marks and citation omitted]).

Contrary to petitioner's contention, the record reflects that the hearing was conducted in a fair, deliberative and impartial manner; it contains no support for his claim that the Hearing Officer was biased, and we find that the determination of guilt flowed from the substantial evidence adduced at the hearing rather than from any alleged bias (see Matter of Allen v Venettozzi, 139 AD3d 1208, 1209 [2016], lv denied 28 NY3d 903 [2016]; Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013]). Finally, given that petitioner's protracted conduct in introducing drugs into the facility posed a serious threat to its institutional safety and security, we do not find the imposition of 12 months of confinement in the special housing unit, which has already been served, or any other aspect of the penalty to be excessive (see Matter of Barakat v Goord, 271 AD2d 776, 776-777 [2000]; compare Matter of Kim v Annucci, 128 AD3d 1196, 1197-1198 [2015]). Petitioner's remaining claims, to the extent they have been preserved for our review, have been considered and determined to lack merit.

Peters, P.J., McCarthy, Egan Jr., Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court