Peters, P.J.
Appeal from a judgment of the Supreme Court (O’Connor, J.), entered February 8, 2016 in Albany County, *1282 which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a December 14, 2014 misbehavior report with harassment, making threats and stalking stemming from comments made to the correction facility nurse while she was dispensing medications. Following a tier III disciplinary hearing, at which petitioner pleaded guilty to harassment, he was found guilty of all charges. That determination was modified on administrative appeal by dismissing the charge of stalking and reducing the penalty imposed, but was otherwise affirmed. A second misbehavior report dated December 31, 2014 charged petitioner with harassment and lewd conduct after he exposed his genitals to a female staff member. Following a tier III disciplinary hearing, which was held in petitioner’s absence, petitioner was found guilty of both charges and that determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging both determinations, and Supreme Court dismissed the petition. Petitioner appeals.
Initially, petitioner contends that he was deprived of his constitutional and regulatory right to call a witness at the hearing in connection with the first misbehavior report. At the commencement of the hearing when petitioner requested two inmate witnesses, the Hearing Officer indicated that petitioner could only call one witness if the testimony of the witnesses was going to be repetitive. Petitioner responded, “Well if it is, we will find out.” The hearing was then adjourned in order to obtain the testimony of one of the inmates. The inmate that subsequently appeared at the hearing testified that it was he, not petitioner, who made some of the comments alleged in the misbehavior report. Thereafter, when the Hearing Officer asked petitioner if he had anything else to add to his defense, petitioner did not pursue the request to have the other inmate called as a witness nor did petitioner object when that inmate was not called. Under these circumstances, we find petitioner’s contention unpreserved (see Matter of Lewis v Fischer, 101 AD3d 1317, 1317-1318 [2012]; Matter of Hayes v Fischer, 73 AD3d 1360, 1361 [2010]; Matter of Perretti v Fischer, 58 AD3d 999, 1002 [2009], lv denied 12 NY3d 709 [2009]).
The recent Court of Appeals decision in Matter of Henry v Fischer (28 NY3d 1135 [2016]) does not require a contrary result. In Henry, the Court of Appeals held that an inmate did not waive his challenge to the denial of witnesses or evidence *1283 by failing to make specific objections at the hearing. In so concluding, the Court noted that the inmate had “plainly requested access to specific documents and witnesses, and the Hearing Officer denied some of those requests,” and determined that, “[i]n light of the denial of [the inmate’s] requests,” his “failure to specifically object to the Hearing Officer’s unfavorable rulings” did not “constitute [ ] a failure to preserve those rulings for judicial review” (id. at 1138). In this case, however, there was no such denial. For that reason, Henry is inapplicable to the facts before us.
Turning to the hearing with regard to the second misbehavior report, we agree with petitioner’s contention that the record does not establish that he knowingly, voluntarily or intelligently waived his right to attend the hearing. “It is well settled that an inmate has a fundamental right to be present at a disciplinary hearing, unless ‘he or she refuses to attend, or is excluded for reasons of institutional safety or correctional goals’ ” (Matter of Barnes v Prack, 109 AD3d 1028, 1029 [2013], quoting 7 NYCRR 254.6 [a] [2] [citations omitted]; see Matter of Brooks v James, 105 AD3d 1233, 1234 [2013]). “[I]n order for an inmate to make a knowing, voluntary and intelligent waiver of that right, he or she must be informed of that right and of the consequences of failing to appear at the hearing” (Matter of Rush v Goord, 2 AD3d 1185, 1186 [2003] [emphasis omitted]). Here, the only indication in the record that petitioner refused to attend the hearing is the form signed by the Hearing Officer and an employee witness attesting that petitioner refused to attend the hearing. Although the form includes instructions to inform an inmate about the nature of the hearing, the charges against him or her and the fact that the hearing will be conducted in the refusing inmate’s absence, the record reflects no information regarding the steps taken to ascertain the legitimacy of petitioner’s refusal or to inform him of his right to attend the hearing and the consequences of his failure to do so (see e.g. Matter of Tafari v Selsky, 40 AD3d 1172, 1173 [2007]; Matter of Rush v Goord, 2 AD3d at 1186; cf. Matter of Toliver v New York State Commr. of Corr. & Community Supervision, 114 AD3d 987, 988 [2014]; Matter of Barnes v Prack, 109 AD3d at 1029; Matter of Morris v Goord, 50 AD3d 1327, 1327 [2008]; Matter of Tafari v Selsky, 31 AD3d 1087, 1088 [2006], lv denied 7 NY3d 717 [2006]; Matter of Abbas v Selsky, 22 AD3d 982, 983 *1284 [2005]).* For these reasons, respondent’s reliance upon Matter of Weems v Fischer (75 AD3d 681 [2010], appeal dismissed 15 NY3d 917 [2010]) is unavailing. Under the circumstances presented, we cannot conclude that the record supports a “finding that petitioner willfully refused or knowingly, voluntarily or intelligently relinquish [ed] his right to attend the hearing” (Matter of Brooks v James, 105 AD3d at 1234 [internal quotation marks and citations omitted]). As the record does not reflect a sufficient basis to conduct the hearing in petitioner’s absence, expungement of the determination stemming from the December 31, 2014 misbehavior report is required (see id.).
Lynch, Devine, Clark and Aarons, JJ., concur.
Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination finding petitioner guilty of harassment and lewd conduct as charged in the December 31, 2014 misbehavior report; petition granted to that extent, said determination annulled, and respondent is directed to expunge all references to this matter from petitioner’s institutional record; and, as so modified, affirmed.

 The affidavit by the Hearing Officer annexed to respondent’s answer was not part of the administrative record and, as respondent concedes, is not properly before this Court.