■ In the Matter of MARCUS A. MICOLO, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [59 NYS3d 603]—

Appeal from a judgment of the Supreme Court (Ferreira, J.), entered July 5, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR

article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assault, making threats, violent conduct, creating a disturbance, refusing a direct order, interfering with an employee, lying, destruction of state property and committing an unhygienic act. Petitioner attended the first day of the ensuing tier III disciplinary hearing. On the second day of the hearing, correction officers arrived at petitioner's cell to transport him to the hearing room. Petitioner complained that the restraint devices applied by the officers were too tight and he refused to go to the hearing. The hearing was continued in his absence, resulting in petitioner being found not guilty of lying, but guilty of the remaining charges. The determination was upheld on administrative appeal and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.

"[A]n inmate has a fundamental right to be present at his or her disciplinary hearing and, in order for an inmate to make a knowing, voluntary and intelligent waiver of that right, he or she must be informed of that right and of the consequences of failing to appear at the hearing" (*Matter of Rush v Goord*, 2 AD3d 1185, 1186 [2003] [citations and emphasis omitted]; *see Matter of Tafari v Selsky*, 40 AD3d 1172, 1173 [2007]). Here, while there was testimony at the continuation of the hearing that the correction officers assigned to transport petitioner advised him that the hearing would continue in his absence, a videotape of the interaction between petitioner and the officers that resulted in his refusal to attend the hearing reveals no such advisement. Notably, the correction officer did not elaborate on the reason for petitioner's refusal, and the Hearing Officer did not inquire (*see Matter of Brooks v James*, 105 AD3d 1233, 1234 [2013]). Although the record also contains a written form, signed by one of the correction officers assigned to transport petitioner to the hearing, attesting to the fact that petitioner was aware of the consequences of his refusal, petitioner did not sign the form and there is no indication on the form or anywhere else in the record as to the steps taken to either "ascertain the legitimacy of petitioner's refusal or to inform him of . . . the consequences of his failure to [attend]" (*Matter of Wilson v Annucci*, 148 AD3d 1281, 1283 [2017]; *see Matter of Tafari v Selsky*, 40 AD3d at 1173; *cf. Matter of Safford v Annucci*, 144 AD3d 1271, 1272 [2016], *lv denied* 29 NY3d 901 [2017]; *Matter of Daniels v Annucci*, 142 AD3d 1207, 1208 [2016]; *Matter of Toliver v New York State Commr. of Corr. &*

*Community Supervision,* 114 AD3d 987, 988 [2014]; *Matter of Watson v Fischer,* 98 AD3d 1171, 1172 [2012]). Respondent's reliance on *Matter of Weems v Fischer* (75 AD3d 681, 682 [2010], *appeal dismissed* 15 NY3d 917 [2010]) and *Matter of Sowell v Fischer* (116 AD3d 1308, 1309 [2014], *appeal dismissed and lv denied* 24 NY3d 933 [2014]) to assert that petitioner forfeited his right to be present is unavailing because the hearing was not nearing completion at the time of the refusal. In light of the foregoing, we cannot conclude that petitioner knowingly, intelligently and voluntarily relinquished his right to attend the hearing (*see Matter of Wilson v Annucci,* 148 AD3d at 1284; *Matter of Tafari v Selsky,* 40 AD3d at 1173; *Matter of Rush v Goord,* 2 AD3d at 1186). As a result, expungement is required (*see Matter of Brooks v James,* 105 AD3d at 1234 [2013]).

McCarthy, J.P., Lynch, Rose, Clark and Rumsey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and respondent is directed to expunge all references to this matter from petitioner's institutional record.